Mora, Plaintiff and Appellee, *v.* Rivera et al., Defendants and Appellants.

Appeal from the District Court of Mayagüez in an Action of Debt.

No. 1616.—Decided July 2, 1917.

Action of Debt—Demurrer—Judgment on Pleadings.—When the defendant does not appear on the day set for the hearing on his demurrer interposed on the ground that the complaint did not allege facts sufficient to determine a cause of action, a motion by the plaintiff that the court overrule the demurrer and give judgment against the defendant is in order and should be sustained if the demurrer is frivolous and the complaint is sufficient.

Id.—Id.—Id.—The appearance of "each and all of the defendants" by their attorney to demur to the complaint implies the acknowledgment by them of their capacity to plead, and on this basis the court may render its judgment.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo Martínez* for the appellant.

*Mr. Angel A. Vázquez* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On July 19, 1916, José Mora brought an action of debt in the District Court of Mayagüez against Pedro Pascasio Rivera and the heirs of Carmen Vélez, naming them. The plaintiff set up in the complaint that on May 8, 1915, defendant Rivera executed in his favor a promissory note for $652 due November 30, 1915, the said note being signed also by Carmen Vélez and Clemente Javierre as solidary sureties and principal payers; that Carmen Vélez died on August 11, 1915, and the persons named in the complaint were declared to be her heirs; that the debt was due and unpaid, for which reason he prayed for judgment accordingly.

On August 16, 1916, "all and each of the defendants" appeared by their attorney and pleaded that the complaint did not state facts sufficient to constitute a cause of action. The defendants did not appear on the day set for the hearing on the demurrer and the plaintiff moved the court to overrule the same and render judgment against the defendants. This the court did, holding that the complaint was sufficient; that the action was for a fixed and due amount, and that the demurrer was entirely frivolous. Judgment was entered on December 18, 1916.

On the next day, or December 19, 1916, the defendants, by their attorney, moved the court to reconsider its judgment, (*a*) because the complaint did not allege that the defendant heirs of Carmen Vélez were of age; (*b*) because the complaint contained allegations that were conclusions of law; (*c*) because it prayed for two pronouncements against defendant Rivera. The motion was silent as to the reason for the non-appearance of the defendants at the hearing on the demurrer; nor was it alleged therein that the defendant heirs of Carmen Vélez, or any of them, were minors.

On December 29, 1916, the motion was heard and overruled by the court. Thereupon the defendants, on January 16, 1917, took the present appeal.

The appellants maintain in their brief that the court erred (1) in sustaining the plaintiff's motion to overrule the demurrer; (2) in rendering judgment on the sole ground of the non-appearance of the party at the hearing on the demurrer; (3) in overruling the defendant's motion for reconsideration.

1 and 2. The plaintiff's motion to overrule the demurrer, because the demurrants failed to appear to sustain it, was proper. The district court did not overrule the demurrer offhand, but considered it in connection with the complaint and held that it was frivolous inasmuch as, in the opinion of the court, the complaint was sufficient and adequate to support a judgment without further formality, as the action was for a liquidated and mature debt.

3. The judgment was appealed from; therefore we might disregard the motion to reconsider, but as the defendants explain therein their reasons for claiming that the complaint did not set up facts sufficient to constitute a cause of action, we will consider it. The assignments under letters *b* and *c* are wholly without merit. That under letter *a* refers to a question which, perhaps, might have been important, but which, in fact, is not, in view of the manner in which it was raised by the defendants themselves.

Section 103 of the Code of Civil Procedure requires only that the complaint shall contain the names of the parties. The appellants have cited no statute nor jurisprudence obliging the plaintiff to state in the complaint that the defendant is of age.

In this case the names of all the defendants are set out in the complaint and it is further stated therein that Rivera was sued personally and the others as the judicially designated heirs of Carmen Vélez; therefore the complaint conforms to law.

Besides, the apearance of "all and each of the defendants" by their attorney in order to interpose the demurrer implied the allegation of the capacity of each and all of them

to be sued, and it was on that theory that the court acted in pronouncing judgment.

As it does not appear that there is any material ground for the reversal of the judgment, it should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.